V. T. LILLY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 13790. Promulgated December 13, 1928.

*H. E. DeJarnette, Esq.*, for the petitioner.
*J. P. Harlacher, Esq.*, for the respondent.

OPINION.

VAN FOSSAN: Petitioner asks redetermination of income taxes for the calendar year 1921, as to which year respondent has determined a deficiency of $2,186.06. Error is alleged in two respects: (1) In treating as income advances, in excess of the salary and commissions earned, paid to petitioner in the taxable year and repaid by him in subsequent years, and (2) in disallowing certain alleged business expenses amounting to $11,807.23.

The record in the case is meager and petitioner is under the unfortunate disability of having lost all of his records in a fire which destroyed his home in 1925. It appears that petitioner was working as a sales agent for a land company, compensation being in the form of salary and commissions. By agreement with the company he was permitted to draw such amounts as he wished regardless of salary and commissions earned. The company reported that it had so paid petitioner a total of $24,113.43 in 1921. Petitioner's return reported only $20,765.21. This latter figure was not supported as accurate at the trial. Petitioner admitted receiving the larger amount but contends that the excess above salary and commissions actually earned constituted advances which were paid back in subsequent years. The bookkeeper for the land company testified that the amount actually earned by petitioner in 1921 was $19,856.76 and that the difference between this amount and that actually paid petitioner was in the nature of advances subsequently repaid by him. We held in *Walter Cravens*, 3 B. T. A. 282, that such advances subsequently repaid did not constitute income. This item should be recomputed on the basis of $19,856.76, the amount actually earned by petitioner under his contract in 1921.

The deductions for business expenses were disallowed by respondent for failure of petitioner to substantiate the same. We affirm this action. The record is insufficient to prove either the propriety or amount of the deductions claimed.

*Judgment will be entered under Rule 50.*